IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NORA RUIZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>BASS PRO GROUP LLC, and BPS DIRECT LLC, d/b/a BASS PRO SHOPS,<br><br>Defendants. | Case No. 6:24-CV-03122-MDH |

**DEFENDANTS' MOTION FOR LEAVE
TO AMEND ANSWER AND INTEGRATED
SUGGESTIONS IN SUPPORT**

Defendants Bass Pro Group, LLC n/k/a Great Outdoors Group, LLC and BPS Direct, LLC[1] ("Defendants"), pursuant to Federal Rule of Civil Procedure 15 and Local Rule 15.1, file this Motion for Leave to Amend Answer (the "Motion"). The deadline for filing motions to amend the pleadings is not until October 10, 2024. (Doc. 20, Section A.2.) The reason for the proposed amendment is that on August 27, 2024, Defendants obtained information that Plaintiff Nora Ruiz ("Ruiz") agreed (a) to arbitrate any and all claims against Defendants which are related to her employment, and (b) to waive any right to pursue class, collective, or representative claims, including the claims raised in Plaintiffs' Complaint. Based on this new information, Defendants seek to amend their Answer to include related affirmative defenses and substantively revise their responses as necessary. Defendants' proposed Amended Answer and Affirmative Defenses is attached as **Exhibit A**.

---

[1] BPS Direct, LLC was not involved in the dispute giving rise to this litigation and is improperly named as a Defendant.

## Background

1. On April 26, 2024, Plaintiff filed this proposed class action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA"), challenging Defendants' tobacco surcharge wellness program. (Doc. 1).

2. Defendants timely filed their Answer on June 16, 2024. (Docs. 11, 13). In their Answer, Defendants stated they "reserve the right to amend this Answer and Additional Defenses as discovery and investigation continue." (Doc. 13, p. 36.)

3. During its on-going investigation and efforts to complete responses to Plaintiff's initial interrogatories and document requests, Defendants discovered that Nora Ruiz assented to a Mutual Agreement Regarding Arbitration and Class Claims (the "Agreement") on October 8, 2021. (Plaintiff's consent is attached as **Exhibit B**; the Agreement is attached as **Exhibit C**.)

4. The Agreement covers "any and all claims, disputes or controversies which could otherwise be raised in court that [Defendants] or [Ruiz] have against each other, including but not limited to . . . those . . . relating to or arising out of my association with [Defendants], application for employment, my employment, or the termination of my employment." (Exh. C at p. 1). The Agreement specifically includes claims arising under ERISA. (*Id.*) (Hereafter, such claims are referred to as the "Covered Claims".)

5. Under the agreement, all Covered Claims are required to be "resolve[d] through final and binding arbitration." (the "Arbitration Provision"). (*Id.*)

6. Further, the Agreement states that "claims covered by th[e] Agreement must be submitted on an individual basis only, and arbitration on an individual basis is the exclusive remedy." Under the Agreement, Ruiz "waive[s] the right to bring or join any type of multi-plaintiff

class, collective, or representative claim in arbitration, in any court, or in any other forum . . . ." (Exh. C at p. 2) (the "Class Waiver Provision").

7. On September 4, 2024, Defendants informed Plaintiff's counsel of the Agreement and Plaintiff's consent thereto. Defendants sent a draft of its proposed Amended Answer to Plaintiff's counsel on September 6, 2024. Defendant has not yet received a response as to whether Plaintiff will object to the proposed amendment but did not want to delay filing this motion.

### Legal Analysis

The scheduling order in this case states that "[a]ny motion to amend the pleadings shall be file on or before October 10, 2024." (Doc. 20, Section A.2.) Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001) (emphasis added); *see also Hoellering v. Nordyne, Inc.*, 202 F.R.D. 259, 260 (W.D. Mo. 2001) (applying same standard to amending answer).

None of these circumstances are present in this case. Defendant does not propose this amendment in bad faith or for any improper purpose, but merely to vindicate its contractual rights. "Delay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing amendment." *Reese v. Tyson Foods, Inc.*, No. 3:22-05053-CV-RK, 2023 WL 1808344, at *2 (W.D. Mo. Feb. 7, 2023). Plaintiff will not be able to meet her burden to demonstrate prejudice from the addition of an arbitration defense as the parties have only exchanged initial disclosures and preliminary interrogatories and document requests and

scheduled to participate in mandatory mediation on October 17, 2024, all of which are permitted as part of the arbitration.[2] There is also no prejudice to Plaintiff in raising the Class Waiver Provision because class certification motions are not due until January 29, 2025. (Doc. 20, Section I.) In fact, per the Scheduling Order, both parties have until October 10, 2024, in which to amend their respective pleadings. (Doc. 20, A.2). Where the deadline for amendment has not yet passed, leave should be given more freely. *See Spencer v. Barton Cty. Ambulance Dist.*, No. 16-05083-CV-SW-RK, 2017 BL 2538, at 2 (W.D. Mo. Jan. 05, 2017); *Relate v. Jones*, Case No. 05-0176-CV-W-FJG., 2005 BL 37484, at 3-4 (W.D. Mo. Aug. 05, 2005), attached as **Exhibit D**.

Moreover, the addition of these affirmative defenses is not futile. The Arbitration Provision and Class Waiver Provision are valid, enforceable agreements which cover the claims at issue.[3] Defendants maintain the ability to enforce these contractual provisions.

A. **Defendants did not waive their right to pursue arbitration.**

A litigant only waives its right to pursue arbitration if the litigant both "(1) knew of an existing right to arbitration; [and] (2) acted inconsistently with that right[.]" *Breadeaux's Pisa, LLC v. Beckman Bros.*, 83 F.4th 1113, 1117 (8th Cir. 2023). It was only on August 27, 2024, that Defendants discovered that Ruiz assented to the Agreement. Thus, any conduct before August 27, 2024, even if seemingly inconsistent with arbitration, cannot be deemed a waiver of the arbitration right. Further, when one "learn[s] of their arbitration right is less important than what they d[o] afterward." *In re Pawn Am. Consumer Data Breach Litig.*, 108 F.4th 610, 614 (8th Cir. 2024).

---

[2] By an exchange of email communications dated September 5, 2024, counsel for the parties agreed to proceed with the mediation and that Plaintiff will not argue that Defendants' participation in the mediation will waive any argument Defendants may have regarding arbitration and class action waiver.

[3] The parties agreed that any provision declared invalid will be severable and "shall not affect the remaining provisions of th[e] Agreement." (Exh. C, p. 5.) For example, even if arbitration is not enforceable, the Agreement provides that the Class Waiver Provision applies "in arbitration, in any court, or in any other forum." (Exh. C, p. 2.)

4

Within less than ten days (which includes a long holiday weekend) of learning of the Agreement, Defendants notified Plaintiff's counsel, produced a copy of her consent and the Agreement, promptly provided Plaintiff's counsel with a proposed Amended Answer, and filed this Motion. This Motion is Defendants' first litigation conduct following discovery of the Agreement.

Moreover, Defendants' conduct throughout the litigation has not been inconsistent with their arbitration right. One acts "inconsistently" with the right to pursue arbitration when they "substantially invok[e] the litigation machinery rather than promptly seek[ ] arbitration.'" *Id.* (citation omitted). The "litigation machinery" is invoked by attempting to "litigate the merits of the case" and engaging in "extensive discovery." *Narcio v. G2 Secure Staff, LLC*, No. 5:22-CV-6045-NKL, 2022 WL 2960021, at *6 (W.D. Mo. July 26, 2022); *Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1091 (8th Cir. 2007);[4] *see also Breadeaux's Pisa, LLC*, 83 F.4th at 1117-18 (finding party substantially invoked litigation machinery by filing complaint in federal court, filing motion for preliminary injunction, engaging in extensive discovery, and only filing motion to compel arbitration after "a series of adverse rulings"). In this case, Defendants have only participated in minimal discovery, which is anticipated to be done in arbitration (Exh. C, pp. 4-5) and Defendants have filed no substantive motions or made any attempt to substantively argue the case. Though Defendants submitted a joint proposed scheduling order, merely complying with the Court's order while continuing to investigate the merits of Plaintiff's claims is not inconsistent with the arbitration right. *See Haarslev, Inc. v. Nissen*, No. 5:19-CV-06128-BCW, 2023 WL 2782313, at *6 (W.D. Mo. Jan. 30, 2023). Moreover, both the parties' scheduling proposal and the Court' scheduling order anticipate that one or both parties will amend their pleadings to add or

---

[4] Though *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022) removed prejudice as an element of waiver, pre-*Morgan* caselaw is still "good law" on the two remaining elements. *In re Pawn Am. Consumer Data Breach Litig.*, 108 F.4th at 614 (citation omitted).

modify claims and defenses on or before October 10, 2024. It cannot be said that Defendants have invoked the litigation machinery, let alone *substantially* so. Thus, amending the Answer to include the Arbitration Provision is not futile.

### B. The Class Waiver is effective.

The Class Waiver Provision specifically states that Plaintiff "waive[s] the right to bring or join any type of multi-plaintiff, class, collective, or representative claim in arbitration, in any court, or in any other forum." (Exh. C, p. 2.) The scope of the Agreement, of which the Class Waiver Provision is a part, extends to all matters arising from Plaintiff's employment, including claims under ERISA. (Exh. C, p. 1.) Similar class waiver provisions are regularly enforced in the employment law context. *See, e.g.*, *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991); *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 237 (2013) (stating the *Gilmer* Court "had no qualms in enforcing a class waiver in an arbitration agreement even though the federal statute at issue . . . expressly permitted collective actions"); *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1054 (8th Cir. 2013). The Class Waiver Provision thus precludes Plaintiff from bringing her claims, and thus the proposed amendment to the Answer to include the Class Waiver Provision is not futile. Further, leave should be granted to add pleading and defenses related to the Class Waiver Provision because the class allegations have not yet been litigated by either party, and they will not even be ripe for briefing until late January 2025. (Doc. 20, Section I.)

Because Ruiz has waived her ability to bring ERISA claims as a class action, the proposed amendment to add related affirmative defenses is not futile.

### Conclusion

Defendants respectfully request the Court grant Defendants leave to file their proposed Amended Answer and Affirmative Defenses.

Dated:  September 10, 2024.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/  Cristin J. Mack            .
Mark E. Schmidtke, *pro hac vice*
56 S. Washington St., Suite 302
Valparaiso, IN 46383
Phone: 219-242-8668
Fax: 219-242-8669
mark.schmidtke@ogletree.com

-and-

Cristin J. Mack
7700 Bonhomme Avenue, Suite 650
St. Louis, MO  63105
Telephone:  314-802-3935
Facsimile:  314-802-3936
cristin.mack@ogletree.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 10th day of September 2024 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Caleb J. Wagner
George A. Hanson
Alexander T. Ricke
Stueve Siegel Hanson, LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
wagner@stuevesiegel.com;
hanson@stuevesiegel.com;
ricke@stuevesiegel.com

Ryan L. McClelland
McClelland Law Firm, P.C.
The Flagship Building
200 Westwoods Drive
Liberty, MO 64068
Email: ryan@mcclellandlawfirm.com

/s/ *Cristin J. Mack*
Attorney for Defendants