IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NORA RUIZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BASS PRO GROUP LLC, and BPS DIRECT LLC, d/b/a BASS PRO SHOPS,<br><br>Defendants. | Case No. 6:24-cv-03122-MDH |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR LEAVE TO AMEND ANSWER**

On September 10, 2024, Defendants Bass Pro Group, LLC and BPS Direct, LLC ("Defendants") filed their motion and suggestions in support to amend their answer to assert defenses arising from an arbitration clause. *See* Doc. 22. Given that leave to amend pleadings should be freely given, *see* Fed. R. Civ. P. 15(a)(2), and that the proposed amendment would be filed before the October 10, 2024 deadline set by the scheduling order to amend pleadings, *see* Doc. 20, Plaintiff does not oppose Defendants' motion for leave to amend their answer, subject to the following clarification.

To the extent Defendants' motion contains arguments related to relief beyond the granting of leave to amend their answer, Plaintiff reserves the right to oppose them in due course. In particular, should Defendants attempt to compel Plaintiffs' suit to arbitration, Plaintiff may argue that one or more of her claims are outside the scope of the arbitration clause, that they are not arbitrable under federal law, and/or that Defendants have waived the right to compel arbitration by voluntarily participating in litigation, including by propounding and receiving discovery under the Federal Rules of Civil Procedure. And should Defendants attempt to invoke

the representative action waiver included in the arbitration provision, Plaintiff reserves the right to oppose it on the grounds that it improperly waives her right to recover plan-wide relief in a representative suit on behalf of the plan as authorized by ERISA § 502(a)(2), as has been found by numerous circuit courts in recent years. *See Parker v. Tenneco, Inc.*, No. 23-1857, 2024 WL 3873409 (6th Cir. Aug. 20, 2024); *Cedeno v. Sasson*, 100 F.4th 386 (2d Cir. 2024); *Henry ex rel. BSC Ventures Holdings, Inc. Emp. Stock Ownership Plan v. Wilmington Tr. NA*, 72 F.4th 499 (3d Cir. 2023); *Harrison v. Envision Mgmt. Holding, Inc. Bd. of Dirs.*, 59 F.4th 1090, 1097–1100, 1107 (10th Cir. 2023); *Smith v. Bd. of Dirs. of Triad Mfg., Inc.*, 13 F.4th 613 (7th Cir. 2021).

Subject to these clarifications, Plaintiff does not oppose Defendants' request for leave to amend their Answer.

Dated: September 24, 2024

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**
*/s/ Alexander T. Ricke*
George A. Hanson, MO Bar No. 43450
Alexander T. Ricke, MO Bar No. 65132
Caleb J. Wagner, MO Bar No. 68458
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com
wagner@stuevesiegel.com

**McCLELLAND LAW FIRM, P.C.**
Ryan L. McClelland, MO Bar No. 59343
The Flagship Building, 200 Westwoods Drive
Liberty, Missouri 64068-1170
Telephone: (816) 781-0002
Facsimile: (816) 781-1984
ryan@mcclellandlawfirm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2024, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, and therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.

         */s/ Alexander T. Ricke*
         Attorney for Plaintiff