IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NORA RUIZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BASS PRO GROUP LLC, and BPS DIRECT LLC, d/b/a BASS PRO SHOPS,<br><br>Defendants. | Case No. 6:24-cv-03122-MDH |

**ORDER GRANTING**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

On May 29, 2025, the Court heard Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (Docs. 42-43) that seeks approval of a class action settlement between Plaintiff Nora Ruiz ("Named Plaintiff"), individually and on behalf of all others similarly situated, and Defendants Bass Pro Group LLC and BPS Direct LLC d/b/a Bass Pro Shops ("Defendants"). The Court also heard Plaintiff's Unopposed Motion for an Award of Attorneys' Fees, Expenses, and a Service Award (Docs. 40-41). The Court has considered materials submitted by the parties and the parties' presentation at the hearing on final approval, and otherwise being fully informed in the premises, hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this Litigation pursuant to 28 U.S.C. §§ 1331, 1332, and 1367 and 29 U.S.C. § 1132(e)(1), including jurisdiction over all members of the Settlement Class certified by order dated January 16, 2025 (Doc. 39), and defined

as:

> All participants in Defendants' group health plan who had a tobacco surcharge deducted from their wages from April 26, 2018 through October 18, 2024.

3. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this Litigation only. In so finding, the Court does not determine whether the certification of the class would remain proper under the more stringent standard that requires a showing of, *inter alia*, manageability.

4. The Court confirms the appointments of (a) Named Plaintiff Nora Ruiz as Class Representative of the Settlement Class, and (b) the law firms of Stueve Siegel Hanson LLP and McClelland Law Firm, P.C. as Class Counsel.

5. The Notice Regarding Proposed Settlement of Class Action ("Proposed Settlement Notice") sent to the Class members via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Proposed Settlement Notice also adequately informed the Class Members of the contact information for the Settlement Administrator and Class Counsel. Thus, the Court finds that the Proposed Settlement Notice provided to the Class Members satisfied the requirements of Fed. R. Civ. P. Rule 23(e)(1)(B).

6. The requirements of the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA") were satisfied. Notices were provided to appropriate state and federal officials pursuant to the procedures set forth in the Settlement Agreement and in compliance with CAFA.

7. The Court finds that the settlement memorialized in the Settlement Agreement, and filed with the Court, is fair, reasonable, and adequate, and in the best interests of the Class

Members. The Court finds that: (a) the strength of the Class Representative's and Class Members' claims weighed against the defenses of Defendants and the complexity, length, and expense of further litigation, support approval of the Settlement; (b) the Maximum Settlement Amount of $4,950,000 as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the Named Plaintiff's individual claims and the claims of the Settlement Class; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties through a mediator; (d) the support for the Settlement expressed by Class Counsel and counsel for Defendants, who have significant experience representing parties in complex class actions, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Class Members supports approval of the Settlement as does the limited amount of Class Members requesting exclusion; and (f) the Litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

8. The Settlement Administration Costs of $31,199 are approved and shall be paid to the Settlement Administrator from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement.

9. The Service Payment of $10,000 is approved and shall be awarded and paid to Named Plaintiff from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement.

10. Class Counsel is awarded one-third of the common fund as attorneys' fees ($1,650,000) and $17,893.68 for expenses and costs and will receive such payment from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement.

11. Class Members shall receive their settlement shares according to the allocation

formula and procedures set forth in the Settlement Agreement. Any remaining funds owed to Class Members who do not negotiate their settlement checks shall be distributed to the unclaimed property fund of the state where the Class Member worked according to the procedures set forth in the Settlement Agreement.

12. The Court orders that any Class Member who did not timely submit a written request to opt-out of the settlement is bound by the terms of the Settlement Agreement, and fully releases and discharges Defendants and the Released Parties from the Released Claims.

13. As identified by the Settlement Administrator, the Court finds that 8 individuals have timely requested exclusion from the Settlement Class. These individuals are (a) excluded from the Rule 23 Class previously certified; (b) are not bound by the terms of the Settlement Agreement; (c) do not release Defendants and all other Released Parties from the Released Claims; and (d) are not entitled to participate in the monetary portion of the Settlement. Those individuals are Paul L. Agnew, Eddie L. Meese, John Bosworth, Mark Blakey, Judy A. Lutz, Paul Powers, Dan Hoy, and Sherry Wassinger. *See* Mitchell Decl., Doc. 43-2 at ¶ 13 (listing names of individuals who requested exclusion); *see also* Mitchell Decl., Ex. B (attaching physical copies of requests for exclusion).

14. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this Litigation shall constitute, be construed to be, or be admissible in this Litigation or any other proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a class action under Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules; (b) of an adjudication of the merits of this Litigation; (c) of an adjudication of any of the matters subject to the Release in the Settlement Agreement; (d) that any party has prevailed in this case; or (e) that Defendants, or the Released

Parties have engaged in any wrongdoing.

15. This Court grants final approval of the Settlement.

16. This matter is dismissed with prejudice, without any cost to any of the parties except as provided in the Settlement Agreement. The Clerk is directed to enter judgment consistent with this Order.

**IT IS SO ORDERED**.

DATED: May 29, 2025

                                          */s/ Douglas Harpool*
                                          **DOUGLAS HARPOOL**
                                          **UNITED STATES DISTRICT JUDGE**